IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 1:20-cv-01324-RBJ,

CONNER IREY,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.

---

## ORDER

---

    Mr. Irey was injured in a motor vehicle accident caused by another driver on July 22, 2017. He incurred $20,383.10 in medical bills. The at-fault party's liability insurer paid its policy limits, $25,000. However, believing that his overall injuries and losses resulting from the accident exceeded $25,000, Mr. Irey submitted a claim under his own insurer's underinsured motorist coverage. His insurer, State Farm, has not made a payment to date.

    Mr. Irey filed this suit in state court, asserting three claims: (1) breach of contract; (2) unreasonable delay or denial of a benefit owed to him under his policy, pursuant to Colo. Rev. Stat. § 10-3-1116; and (3) common law bad faith. Complaint, ECF No. 6, at 3-4. Because he checked the box in the state court's civil cover sheet indicating that he was seeking a monetary judgment exceeding $100,000, State Farm was able to remove the case to this Court on diversity of citizenship grounds.

Pending before the Court is a "Partial Motion to Dismiss," ECF No. 11, in which the defendant asks the Court to dismiss the second and third claims because plaintiff's factual allegations in support of those counts fail to establish a plausible basis for relief. Defendant asserts that, except for paragraph 21 of the complaint, the allegations are conclusory and not entitled to the presumption of truth.[1] Paragraph 21 states: "State Farm agrees that Mr. Irey is owed at least $15,500 in UIM damages." ECF No. 6 at 2. But that figure comes from a letter from State Farm to plaintiff's counsel dated March 31, 2020, which includes this sentence: "Based on the information presented and substantiated to date our settlement offer to Mr. Irey is $15,500." ECF No. 11-1 at 1. State Farm argues that that is not an admission or an agreement that Mr. Irey is owed that amount. Rather, it is an offer of settlement. ECF No. 11 at 3-5.

Plaintiff responds that the factual allegations in his complaint must be accepted as true for purposes of a motion to dismiss, and therefore, the Court must accept as true at this time that State Farm agrees that it owes him at least $15,500. Plaintiff argues that the Court cannot consider the letter of March 31, 2020, because it is outside the pleadings; but if it does consider the letter, it must construe the motion as a motion for summary judgment and permit plaintiff to develop his evidence. ECF No. 16 at 1, 3-4. State Farm replies that the Court can consider the

---

[1] To survive a 12(b)(6) motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plausible claim is a claim that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the Court must accept the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff, *Robbins v. Wilkie*, 300 F.3d 1208, 1210 (10th Cir. 2002), conclusory allegations are not entitled to be presumed true, *Iqbal*, 556 U.S. at 681. However, so long as the plaintiff offers sufficient factual allegations such that the right to relief is raised above the speculative level, he has met the threshold pleading standard. *See, e.g.*, *Twombly*, 550 U.S. at 556; *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008).

letter even though it is not expressly referenced in the complaint because it is central to the plaintiff's claim. ECF No. 24 at 3 (citing *GFF Corp. v. Associated Wholesale Grocers, Inc.,* 130 F.3d 1381, 1384 (10th Cir. 1997)).

There are paragraphs in the complaint that are relevant to the bad faith claims and that assert facts rather than mere conclusions:

> 16. State Farm has accepted medical bills in the amount of $20,383.10 in its evaluation of Mr. Irey's claim.
> 17. State Farm does not dispute that $20,383.10 of medical bills are reasonable, necessary, and related to the crash.
> 19. State Farm has failed to provide an explanation of its offer . . . .
> 20. State Farm does not dispute that Mr. Irey has noneconomic damages.
> 21. State Farm agrees that Mr. Irey is owed at least $15,500 in UIM damages.
> 26. State Farm had failed to consult medical professionals in its investigation of Plaintiff's claim.

ECF No. 6 at 2-3.

I find that State Farm's letter of March 31, 2020, though not explicitly referenced in the complaint, is implicitly referenced, and that it is central to an evaluation of plaintiff's second and third claims. Paragraph 19 of the letter refers to State Farm's "offer." Paragraph 21 refers to the specific number "$15,500," which is the settlement offer tendered by State Farm in the letter (not an agreement that that amount is owed). The letter's explanation of the settlement offer is minimal, essentially that the medical bills appeared to have been covered by the wrongdoer's insurance, and that State Farm was offering a settlement of $15,500 above the underlying $25,000 paid by the wrongdoer's insurer based on the information obtained to date. ECF No. 11-1 at 1.[2] Notably, however, the letter solicits additional information about any medical

---

[2] Colo. Rev. Stat. § 10-3-1104(1)(h)(XIV) provides that it is an unfair claim settlement practice for an insurer willfully to fail to provide "a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a compromise settlement." This is a different issue from

3

expenses not included in the $20,383.10 number, and it requests clarification of any claim for Mr. Irey's lost earnings. It is implicit in the letter that the settlement offer is not necessarily State Farm's final offer. The charge that State Farm failed to consult a medical professional is essentially mooted by the letter's acceptance of all medical billings provided by Mr. Irey.

In the circumstances, I find it entirely appropriate to consider the letter. This is not to say that the plaintiff could not develop additional relevant evidence. It is to say that plaintiff cannot rely on the four-corners of the complaint rule to preclude the Court from considering a letter that is central to an evaluation of the claims as pled, and that contradicts one of the complaint's key allegations, but that plaintiff chose not to mention in his complaint. The Court finds that the complaint fails to state a viable claim for unreasonable delay, unreasonable denial, or bad faith. The Court will leave the door open to the plaintiff to amend if he develops a good faith factual basis for such claims through discovery or otherwise.

## ORDER

Defendant's motion to dismiss claims two and three of the complaint, ECF No. 11, is granted. Those claims are dismissed without prejudice.

DATED this 1st day of July, 2020.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge

---

whether a settlement offer may be offered to prove the validity of a claim and whether a settlement offer should be disclosed in a complaint.

5